IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMON E. JACKSON,                              No. CIV S-08-2502-FCD-CMK-P

        Plaintiff,

    vs.                                         FINDINGS AND RECOMMENDATIONS

D.K. SISTO, et al.,

        Defendants.

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's first amended complaint (Doc. 13).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121,

1

1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

Plaintiff's original complaint was dismissed for failing to satisfy the requirement of Federal Rule of Civil Procedure 8(a) that his claims be stated simply, concisely, and directly. In the order dismissing Plaintiff's original complaint, the court advised Plaintiff that to state a claim under 42 U.S.C. § 1983, he must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). He was also informed as to what was necessary to state a claim against a supervisory defendant.

## I. PLAINTIFF'S ALLEGATIONS

In his first amended complaint, Plaintiff claims he was "attacked and seriously injured by four Southern Hispanic gang members while they were being escorted" by defendant Fuizzotti. (Amended Complaint at 6). Reading his amended complaint broadly, Plaintiff claims defendant Fuizzotti, failed to take proper precautions to protect him from attack by not conducting a weapons search of each inmate he was escorting and not utilizing mechanical restraints. He claims that defendants Sisto and Sequira knew of the risk of attack, based on previous inmate attacks and riots, and disregarded that risk by failing to properly train and supervise the correctional officers, and failing to implement an adequate policy to ensure inmate safety. He also claims defendants Sisto and Sequira did not properly deal with the racial tension and violence at the prison, and failed to keep control of razors which the inmates can and did make into weapons. Finally, Plaintiff claims defendant Gums failed to protect him by not assigning more than one escort officer, when he also was aware of the danger and disregarded that risk.

However, Plaintiff makes no factual allegations against defendant Jackson. The only mention of defendant Jackson is in the "cause of action" portion of the complaint, in which

Plaintiff summarily states that the defendants in general acted with deliberate indifference to the substantial risk of injury, and in the explanation of the "parties" where Plaintiff indicates that defendant Jackson is a lieutenant "responsible for conditions and operations at the prison" and "is also a final policy maker . . . ." (Complaint at 18, 20).

## II. DISCUSSION

As Plaintiff was previously informed, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In addition, Plaintiff was also informed that supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. See id. When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel

in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff was able to cure the deficiencies in his complaint and allege sufficient facts as to the other defendants, including other supervisory defendants, in order to survive screening.  His lack of factual allegations against defendant Jackson, therefore, appears to be incurable.  It appears Plaintiff is either unwilling or unable to states facts sufficient to state a claim against defendant Jackson.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to the dismissal of defendant Jackson.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that defendant Jackson be dismissed from this action and that Plaintiff be allowed to proceed on his first amended complaint against defendants Sisto, Sequira, Gums and Fuizzotti only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2009

/s/ Craig M. Kellison
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE