IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMON E. JACKSON,                               No. CIV S-08-2502-FCD-CMK-P

    Plaintiff,

  vs.                                                            FINDINGS AND RECOMMENDATIONS

D.K. SISTO, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are Defendants' unopposed motions to dismiss (Docs. 22, 23).

### I. BACKGROUND

        This action proceeds on Plaintiff's first amended complaint (Doc. 13), against four[1] defendants: Sisto, Sequira, Gums, and Fussotti. Plaintiff claims he was "attacked and seriously injured by four Southern Hispanic gang members while they were being escorted" by

---

[1] Plaintiff's first amended compliant had named a fifth defendant, Jackson. However, Plaintiff failed to allege any facts related to defendant Jackson, who has therefore been dismissed.

1

defendant Fussotti.  (Amended Complaint at 6).  He claims defendant Fussotti failed to take proper precautions to protect him from attack by not conducting a weapons search of each inmate he was escorting and not utilizing mechanical restraints.  He claims that defendants Sisto and Sequira knew of the risk of attack, based on previous inmate attacks and riots, and disregarded that risk by failing to properly train and supervise the correctional officers, and failing to implement an adequate policy to ensure inmate safety.  He also claims defendants Sisto and Sequira did not properly deal with the racial tension and violence at the prison, and failed to keep control of razors which the inmates can and did make into weapons.  Finally, Plaintiff claims defendant Gums failed to protect him by not assigning more than one escort officer, when he also was aware of the danger and disregarded that risk.

## II.  DISCUSSION

Defendants bring this motion to dismiss based on Plaintiff's failure to timely submit his inmate grievance at the Director's Level.  Plaintiff has not filed an opposition to the motion.[2]

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id. at 1119-20.  Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record.  Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  Defendants bear the burden of establishing that the plaintiff failed to

---

[2] Plaintiff was previously advised of the requirements for opposing a such a motion.  (See Doc. 18).

2

exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120. If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. See id. at 1120; see also Jones v. Bock, 127 S. Ct. 910 (2007).

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits. 548 U.S. 81, 89-96 (2006). Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90. Partial compliance is not enough. See id. Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims. See id. at 90, 93. The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court." Id. at 94.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through several levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily reject a prisoner's untimely administrative appeal. See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c). If a group of inmates intend to appeal the same decision or action, one grievance form is used and a list of the participating inmates must be attached. The list must be legible and state the inmates' names, departmental identification numbers, and housing assignment. The form must also be signed by all participating inmates. Currently, California regulations do not contain any provision specifying who must be named in the grievance.

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process. See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005). Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance. See id. at 937 (citing Booth, 532 U.S. at 736 n. 4). Thus, the claim is exhausted when it is characterized as a "staff complaint." See id. at 940. If there are separate claims in the same grievance for which further administrative review could provide relief, prison regulations require that the prisoner be notified that such claims must be appealed separately. See id. at 939. The court may presume that the absence of such a notice indicates that the grievance did not present any claims which could be

4

appealed separate from the confidential "staff complaint" process.  See id.

Here, Defendants acknowledge Plaintiff filed an inmate grievance following an assault by a group of Southern Hispanic inmates.  This grievance was partially granted at the first level.  Plaintiff was dissatisfied with that response, so he appealed the decision to the second level.  The grievance was rejected at the second level because he failed to submit the grievance within the time allowed, fifteen working days of the first level of review.  Plaintiff then filed a second grievance, based on the procedural denial of his original grievance.  Thereafter he was allowed to proceed on his original grievance, which was then partially granted at the second level.  Plaintiff, however, was still dissatisfied with the outcome of the second level review, and submitted the original grievance for a Director's Level review.  The grievance was rejected as untimely at the Director's Level because it also was submitted more than fifteen working days after the second level review.

As discussed above, in order to exhaust administrative remedies, a prisoner must comply with all of the prison system's procedural rules, including established deadlines.  See Woodford, 548 U.S. at 90.  Here, Plaintiff twice failed to do so.  His first failure to submit a timely grievance was excused, and he was allowed to proceed to the next level.  The second time, it appears he did not ask for, nor was he granted, leave to proceed in an untimely manner.  Instead, the grievance was screened out at the Director's Level review for failure to comply with the established time lines.  Thus, he failed to follow the proper procedures to fully exhaust his inmate grievance, rendering his claims unexhausted.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motions to dismiss (Docs. 22, 23) be granted for Plaintiff's failure to properly exhaust his administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 14, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE